**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SAMUEL GARCIA-ESCALERA, a/k/a
Pancho, a/k/a Panfilo Waumuchil Soyte,

    Defendant - Appellant.

No. 14-5145
(D.C. No. 4:13-CR-00229-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Samuel Garcia-Escalera appeals multiple convictions arising from law enforcement's 2013 search of his residence. Specifically, Garcia-Escalera challenges the district court's denial of his motion to suppress the evidence police discovered during that search. Because Garcia-Escalera failed to raise the particular argument below that he now asserts on appeal, we conclude Garcia-Escalera waived his current challenge and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

BACKGROUND

While searching a Tulsa home, police found Todd Diaz hiding in a shower. They also found more than 500 grams of methamphetamine. Eager to cooperate with police, Diaz rolled on his supplier and led police to the residence where he said he obtained drugs and delivered payments. Based on an affidavit containing the information Diaz provided, police obtained a warrant to search that home, too. There they found Garcia-Escalera, a firearm and ammunition, multiple cell phones, papers containing "drug notations," and more than $4,000 in cash. App. at 33.

Facing criminal charges, Garcia-Escalera filed a motion to suppress this evidence. Specifically, he alleged Officer W.R. Mackenzie made false statements in, and omitted material information from, the affidavit he submitted in support of his application for a warrant to search Garcia-Escalera's home. If the district court disregarded the false statements in the affidavit and took into account the omitted ones, Garcia-Escalera insisted, Mackenzie's affidavit was insufficient to establish probable cause. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997).

The district court rejected Garcia-Escalera's *Franks* argument, concluding Mackenzie's affidavit contained neither false statements nor material omissions. Then it sua sponte ruled the affidavit was sufficient on its face to provide the magistrate judge with probable cause to issue the search warrant. Accordingly, the district court denied Garcia-Escalera's motion to suppress.

A jury subsequently found Garcia-Escalera guilty of conspiracy to distribute methamphetamine or possess methamphetamine with intent to distribute, maintaining a drug-involved premise, possessing a firearm while being illegally or unlawfully present in the United States, and possessing a firearm in furtherance of a drug-trafficking crime. He also pled guilty to one count of attempting to corruptly persuade a witness. The district court imposed a 300-month prison sentence, and Garcia-Escalera appealed.

## DISCUSSION

On appeal, Garcia-Escalera doesn't challenge the district court's rejection of his *Franks* argument. Instead, he asserts the district court erred in sua sponte finding Mackenzie's affidavit sufficient on its face to provide probable cause for the warrant. But Garcia-Escalera didn't raise this argument in his motion to suppress. And under the version of Fed. R. Crim. P. 12(e) in effect at the time of Garcia-Escalera's trial and sentencing,[1] a defendant who fails to include a specific argument in a pretrial

---

[1] The 2002 version of Fed. R. Crim. P. 12(e) stated, "A party waives any Rule 12(b)(3) defense, objection, or request [which includes motions to suppress evidence] not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides." *United States v. Burke*, 633 F.3d 984, 987 (10th Cir. 2011) (alteration in original) (quoting Fed. R. Crim. P. 12(e) (2002) (repealed 2014)). The day before Garcia-Escalera filed his notice of appeal, however, a new version of Rule 12 took effect. Rather than stating a party "waives" a Rule 12(b)(3) defense by failing to raise it before the district court's deadline, the current version of Rule 12 simply characterizes such a defense as "untimely." Fed. R. Crim. P. 12(c)(3). We acknowledge the 2014 amendment might call into question *Burke*'s waiver analysis. But we need not resolve whether *Burke* remains good law because Garcia-Escalera doesn't challenge the government's assertion that the 2002 version of Rule 12 applies in this case. *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002) ("[A]rguments not briefed on appeal are waived.").

motion to suppress "waives"[2] that argument for purposes of appeal absent a showing of good cause to excuse the omission. *Burke*, 633 F.3d at 988, 991.

Garcia-Escalera doesn't suggest he can satisfy Rule 12(e)'s good-cause exception.[3] Instead, he urges us to address his argument because the district court "specifically consider[ed] whether or not the four corners of the affidavit provided probable cause . . . ." Aplt. Br. at 10. In other words, Garcia-Escalera asks us to adopt *another* exception to Rule 12(e)'s waiver provision—one that applies when an appellant advances an argument for the first time on appeal that the district court sua sponte considered below.

We need not decide whether such an exception exists; even assuming it does, Garcia-Escalera can't invoke it here. To preserve an argument for suppression under Rule 12(e), a defendant must present the same "particular argument" to this court that the defendant advanced before the district court. *United States v. Augustine*, 742 F.3d 1258, 1265-66 (10th Cir.), *cert. denied*, 134 S. Ct. 2155 (2014) (concluding that for purposes of Rule 12(e), argument that *Miranda* waiver was involuntary because it "was coerced by threats and promises of leniency" was distinguishable from argument that *Miranda* waiver was involuntary because defendant was under

---

[2] We recognize that the term "waiver" typically applies only to an "intentional relinquishment or abandonment of a known right," rather than to "an inadvertent 'failure to make the timely assertion of a right.'" *Burke*, 633 F.3d at 990 (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Nevertheless, we have previously held that for purposes of Rule 12(e), the term "waiver" applies to some acts we would typically describe as mere forfeitures. *Id.* at 990-91.

[3] Because Garcia-Escalera makes no attempt to invoke Rule 12(e)'s good-cause exception, we need not consider whether it applies to the facts of this case. *See Almaraz,* 306 F.3d at 1041.

influence of illicit drugs). Thus, assuming Rule 12(e) contains an exception for arguments the district court sua sponte considered below, we conclude that hypothetical exception would apply only if the district court sua sponte considered the same "particular argument" the appellant subsequently advanced on appeal. *Id.*

Here, Garcia-Escalera argues that Mackenzie's affidavit was deficient because it was "based . . . solely on the insufficiently corroborated statements of Diaz, a self-interested criminal informant." Aplt. Br. at 12. And according to Garcia-Escalera, "[t]here is no probable cause when police rely solely on the statements of an unproven informant whose self-serving allegations are insufficiently corroborated by other evidence." *Id.*

But the district court didn't specifically accept or reject the legal principle Garcia-Escalera advances on appeal, let alone apply it to the facts of this case. Instead, it generally concluded Mackenzie's affidavit was sufficient to establish probable cause. And while Garcia-Escalera suggests the district court implicitly considered and rejected his lack-of-corroboration argument by finding the affidavit sufficient to establish probable cause, we think it just as likely the district court overlooked this argument entirely. We can hardly fault it for doing so given Garcia-Escalera's failure to raise the argument in the first place.

So we're back where we started. Garcia-Escalera waived his insufficient-corroboration argument under Rule 12(e) by failing to raise that "particular argument" below. *See Augustine*, 742 F.3d at 1265-66. And even assuming Rule 12(e)'s waiver provision doesn't apply to arguments a district court sua sponte

5

considered below, it still applies here because the district court didn't consider the particular argument Garcia-Escalera now asserts. We therefore decline to consider whether Mackenzie's affidavit was so lacking in corroboration as to preclude a finding of probable cause. Because that's the only argument Garcia-Escalera makes, we affirm the district court's denial of his motion to suppress.

Entered for the Court


Nancy L. Moritz
Circuit Judge